**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

| | | |
|---|---|---|
| NICHOLAS RANIERI,<br><br>Plaintiff,<br><br>vs.<br><br>SCIOTO COUNTY BOARD OF COMMISSIONERS, *et al.*,<br><br>Defendants. | : | Case No. 1:26-cv-466<br><br>Judge Susan J. Dlott<br>Magistrate Judge Kimberly A. Jolson |

**ORDER**

Plaintiff, a state inmate incarcerated at the Southeastern Correctional Institute ("SCI"), filed a *pro se* civil rights Complaint in this Court pursuant to 42 U.S.C. § 1983. (Doc. 1). His claims alleging deliberate indifference to serious mental health and medical needs stem from his time as a pretrial detainee at the Scioto County Jail. (*Id*. at 1). By separate Order, Plaintiff was granted leave to proceed *in forma pauperis*. (Doc. 5).

This matter is now before the undersigned Magistrate Judge for a *sua sponte* review of Plaintiff's Complaint to determine whether the Complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Having performed the initial screen, the Undersigned **ORDERS** that Plaintiff **MAY PROCEED** on his claims against all Defendants.

## I. SCREENING LEGAL STANDARD

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fee and court costs are assumed by the public, unlike a paying litigant, lacks an

economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke*, 490 U.S. at 328–29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. And an action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton*, 504 U.S. at 32; *Lawler*, 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (citing *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Though by the same token, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470–71 ("[D]ismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim [under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)].").

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*. at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

## II. ALLEGATIONS AND PARTIES

Plaintiff names as Defendants: (1) Scioto County Jail Captain Damon Roberts, who acted as the Jail Administrator; (2) John Bowman, who provided mental health services at the Scioto County Jail through a contract between the jail and Shawnee Mental Health; (3) Unknown Medical Company, which provided medical services at the Scioto County Jail through a contract with the Scioto County Board of Commissioners; (4) LPN Donald, who provided medical services at the Scioto County Jail as a licensed practical nurse; and (5) the Scioto County Board of Commissioners, as the final decision-making authority over the Scioto County Jail. (Doc. 1, at 2–3). Plaintiff sues the Defendants in their individual and official capacities. (*Id*. at 3).

### A. Defendants Bowman and Donald

Plaintiff was booked in the Scioto County Jail on February 26, 2024. (Doc. 1 at 3). Plaintiff

informed the booking officer that Plaintiff was an army veteran previously diagnosed with Hypertension, PTSD, Anxiety, and Depression. He met with mental health therapist Defendant Bowman the next day and provided him with an oral history of his past medical and mental health treatments. Plaintiff also signed a release that allowed Defendant Bowman access to Plaintiff's medical and mental health records.

Plaintiff states that he explained to Defendant Bowman that Plaintiff would require medications to treat his conditions and that, prior to being incarcerated, Plaintiff used marijuana to treat his symptoms. Knowing that he would not have access to marijuana while incarcerated, Plaintiff inquired about alternative medications that could be prescribed. But after stating that he would speak with his prescribing physician and with Defendant LPN Donald, Defendant Bowman stated that Plaintiff would not likely be able to obtain any prescriptions, because Scioto County Jail had a policy stating that only medications current at the time of booking could be prescribed. (*Id*. at 4).

Defendant Bowman told Plaintiff that he would like to see him again. Plaintiff asked Defendant Bowman to place Plaintiff on a weekly schedule. But Defendant Bowman explained that the procedure for obtaining appointments was to notify a corrections officer on Tuesdays and Thursdays between the hours of 8:00 a.m. and 2:30 p.m., after which a corrections officer would escort Plaintiff to see Defendant Bowman. Plaintiff complains that this practice of prohibiting inmates from contacting mental health employees directly for an appointment, prohibited him from receiving proper mental health care. Plaintiff states that he missed multiple sessions with Defendant Bowman due to this practice. (Doc. 1 at 4 ("Inmates, including the Plaintiff, were often forgotten by about by jail staff or were told that staff were too busy to escort the inmates to Mental Health.")).

And when Plaintiff attended sessions with Defendant Bowman, the sessions were largely devoted to Plaintiff's legal situation. During his third session, he reported to Defendant Bowman that he was experiencing insomnia, increased anxiety, manic episodes, increased nightmares, depression, and debilitating headaches lasting hours and on the pain scale of 7 out of 10. (*Id.*). When he asked whether Defendant Bowman had contacted his prescribing physician about getting Plaintiff prescriptions, Defendant Bowman responded that there was no use in doing so, given the jail's policy allowing only for continuity of existing prescriptions, not the issuing of any new prescriptions.

Then Plaintiff sent a Health Request via the kiosk to the medical staff reiterating the many alarming symptoms from which he was suffering due to his previously diagnosed PTSD that were not being treated. He asked to be evaluated. Defendant LPN Donald responded by reiterating the jail's policy of allowing prescriptions only for medications that were current at the time of being booked. (*Id.* at 5). Defendant Donald also told Plaintiff that only mental health services, not medical services, could prescribe sleep aids. Plaintiff states that Defendant Donald did not perform any medical assessment, provide any medical care, or apprise mental health services of Plaintiff's complained-of symptoms.

Plaintiff states that after many months of suffering, he "filed a complaint under the grievance section on the Kiosk[ ]" challenging the conditions of confinement and the various policies set forth above. Plaintiff states that the Jail Administrator replied that most of the matters raised were "non-grieveable" and that regarding the medical requests, jail officials follow protocol. Plaintiff says that he was not provided with instructions on how to appeal a grievance decision, how to use the Kiosk to file grievances, or how to file a grievance specifically regarding mental health and medical issues.

After 625 days of incarceration in the Scioto County Jail, Plaintiff was transferred to the Ohio Department of Rehabilitation and Correction ("ODRC") Corrections Reception Center in Orient, Ohio. Plaintiff states that he suffered from significant weight loss (more than 100 lbs.) from his time in the Scioto County Jail, as well as insomnia, increased anxiety, manic episodes, increased nightmares, headaches, dizziness, chest pain, elevated blood pressure, and depression. (*Id.*).

**B. Defendants Roberts and Unknown Medical Company**

Relatedly, Plaintiff alleges that Defendant Roberts, in his role as the Jail Administrator, has final policy-making authority at the Scioto County Jail. He also alleges that Defendant Unknown Medical Company implemented policies that allowed for the denial of treatment for Plaintiff's mental health and medical needs. Plaintiff explains that Roberts was made aware of the existence and implementation of Unknown Medical Company's "arbitrary policies," and willfully and with reckless disregard for the health and safety of Plaintiff and other inmates "chose to ratify these arbitrary policies." (*Id.* at 8). Plaintiff contends that Roberts and Unknown Medical Company knew of and ignored the risks posed by the policies, which subjected Plaintiff to prolonged physical pain when treatment was readily available.

**C. Defendant Scioto County Commissioners**

Lastly, Plaintiff alleges that the Scioto County Commissioners, with the final decision-making authority over the Scioto County Jail, entered into contracts with Defendant Unknown Medical Company and Shawnee Mental Health (not named as a Defendant) delegating to these entities the authority to make policies for providing medical and mental health care. "Under the non-delegable authority theory," Plaintiff asserts, "Defendant Scioto County Board of Commissioners should be held liable for the implementation of the arbitrary polices alleged above

by its third party contractors." (*Id*. at 8–9). Plaintiff adds that the Scioto County Board of Commissioners also should be held liable for the lack of training of Unknown Medical Company's staff. (*Id*. at 9).

In relief, Plaintiff seeks: (a) declaratory judgment stating that each Defendant named herein and to be named later violated Plaintiff's right to be free from cruel and unusual punishment; (b) compensatory damages in the amount of $5,000,000 each from Defendant Scioto County Board of Commissioners and Defendant Unknown Medical Company; compensatory damages in the amount of $100,000 each from all other Defendants named herein and to be named later; (c) punitive damages in the amount of $10,000,000 each from Defendant Scioto County Board of Commissioners and Defendant Unknown Medical Company; punitive damages in the amount of $100,000 each from all other Defendants named herein and to be named later; (d) all costs involved with this action; (e) any reasonable attorney fees related to this action; (f) other and further relief deemed reasonable and appropriate; and (g) a trial by jury. (Doc. 1 at 9–10).

## III. ANALYSIS

Based on the above allegations, the Court construes Plaintiff's complaint as raising deliberate indifference to a serious medical need and *Monell* claims under 42 U.S.C. § 1983.[1] At this stage of the proceedings, without the benefit of briefing by parties to this action, the Undersigned concludes that Plaintiff may proceed with these claims against Defendants in their individual and official capacities. Plaintiff is advised that this is only a preliminary determination. The Court has not made a determination as to the merits of the claims or potential defenses thereto, nor are Defendants precluded from filing a motion to dismiss, motion for more definitive

[1] Plaintiff brings his deliberate indifference claim to a serious medical need claim under the Eighth Amendment. (Doc. 1 at 10). Because it appears he was a pretrial detainee during the events at issue in his Complaint, Plaintiff's claim is appropriately considered under the Fourteenth Amendment. *See Brawner v. Scott Cnty.*, 14 F.4th 585 (6th Cir. 2021).

statement, or other appropriate motion under the Federal Rules of Civil Procedure. *See, e.g.*, *Wiley v. Austin*, No. 8:20-cv-220, 2020 WL 6204382, at *3 (D. Neb. Oct. 22, 2020).

## IV. CONCLUSION AND SERVICE OF PROCESS

Having concluded that Plaintiff's deliberate indifference claims against Defendants can proceed for further development, the next step in this case is for the Complaint and summons to be served on Defendants. Here, however, one of the proceeding Defendants has not been identified—Unknown Medical Company. While this is not reason to dismiss the claims against Unknown Medical Company, it does present a challenge for the efficient handling of this case. *See Robinson v. Doe*, No. 1:07-cv-729, 2009 WL 650383, at *2 (S.D. Ohio March 10, 2009) ("Although designation of a 'John Doe' . . . defendant is not favored in the federal courts, it is permissible when the identity of the alleged defendant is not known at the time the complaint is filed and plaintiff could identify defendant through discovery.").

Under these circumstances, it is appropriate to permit service of the Complaint on a high-ranking party who could identify Unknown Medical Company through discovery. It seems that the Scioto County Board of Commissioners, already named and to be served as Defendants, know the Unknown Medical Company with which the Board of Commissioners has contracted to provide medical services at the Scioto County Jail. Thus, once the Scioto County Board of Commissioners is served and has responded, Plaintiff shall be permitted to serve discovery on the Board prior to the issuance of a case schedule **solely** to determine the identity of the Unknown Medical Company. Plaintiff may also ask for the address where the Unknown Medical Company may be served. However, Plaintiff is **WARNED** that the Scioto County Board of Commissioners may object to any discovery request it believes goes beyond this limited grant. Additionally, should the Board of Commissioners believe that Plaintiff's discovery requests

exceed the scope of this Order, or are otherwise improper, the Board is instructed to contact the Undersigned's chambers. Upon discovery of the identity and address of Unknown Medical Company, Plaintiff will be required to supplement his Complaint to identify this Defendant. *See Slocum v. Bear*, No. 1:18-cv-423, 2019 WL 2234227, at *3 (S.D. Ohio May 6, 2019), *report and recommendation adopted*, 2019 WL 2233633 (S.D. Ohio May 23, 2019); *Murray v. Ohio Dep't of Corr.*, No 1:14-cv-168, 2014 WL 1382401, at *4 (S.D. Ohio Apr. 8, 2014).

Accordingly, Plaintiff is **ORDERED** to supplement his Complaint for the **limited** purpose of naming Unknown Medical Company once Plaintiff learns its identity. At the same time, Plaintiff must also file a motion to issue service on this Defendant and provide one completed Summons form and once U.S. Marshal form for the Defendant. The Court will provide Plaintiff with a blank summons form and a blank U.S. Marshal form.

If Plaintiff does not supplement his Complaint as directed, his claims against Unknown Medical Company will be dismissed for lack of prosecution or for failure to state a claim. Plaintiff is further **ADVISED** that no service will be issued on the Unknown Medical Company unless he complies with this Order. He should not delay. *See generally Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996) ("Sixth Circuit precedent clearly holds that new parties may not be added after the statute of limitations has run"); Fed. R. Civ. P. 4(m) (concerning time limits for service).

**IT IS THEREFORE ORDERED THAT:**

1. The United States Marshal **SHALL** serve a copy of the Complaint (Doc. 1), summons forms (Doc. 4-1 at 1–16), the separate Order granting Plaintiff *in forma pauperis* status (Doc. 5), and this Order upon Defendants Bowman, Donald, Roberts, and Scioto County Board of Commissioners as directed by Plaintiff.

2. The Plaintiff **SHALL** supplement the Complaint for the limited purpose of identifying Unknown Medical Company, once Plaintiff learns its identity, and file a motion to issue service on this Defendant and provide one completed Summons form and once U.S. Marshal form for the Defendant.

3. Plaintiff **SHALL** serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' attorney(s), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendant or Defendants' counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

4. Plaintiff **SHALL** inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

5. The Clerk is **DIRECTED** to mail Plaintiff a copy of the Southern District of Ohio's Guide for *Pro Se* Civil Litigants, one blank summons form, and one blank U.S. Marshal form.

**IT IS SO ORDERED.**

Date: August 28, 2026

/s/Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE